IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEANDRA SHONTRELL GATEWOOD
and AMBER TE WHITE, individually and
as parent and next friend of D.G., a minor,

    Plaintiffs,

vs.                                                                           No. 1:19-cv-573

THE ESTATE OF JASON E. THOMPSON, deceased,
individually and as agent of THOMPSON OILFIELD
HAULING SERVICES, LLC, individually and as
employer of JASON E. THOMPSON, deceased,
TOMMY W. KAYS individually and d/b/a
TNT PILOT CAR SERVICE, and JANE DOES I-X,
JOHN DOES I-X, ABC CORPORATIONS I-X,
XYZ Partnerships, and ABC LIMITED LIABILITY
CORPORATIONS I-X.

    Defendants.

## COMPLAINT FOR PERSONAL INJURY, NEGLIGENCE PER SE
## AND LOSS OF CONSORTIUM

For their complaint against Defendants, Plaintiffs, Deandra Shontrell Gatewood and Amber Te White, individually and as next friend of D.G., a minor, by and through their attorneys Buchanan Law Firm, LLC (Deena L. Buchanan) allege as follows:

### NATURE OF THE CASE

1.    This is a civil action for damages to remedy the above-named Defendant Jason E. Thompson's and Tommy W. Kay's negligence and their violations of state and federal regulations, as well as Thompson Oilfield Hauling Services, LLC's independent and vicarious liability for Jason E. Thompson's negligence, which caused devastating injuries to Deandra Shontrell

Gatewood and loss of consortium for his wife, Amber Te White and loss of parental consortium to their infant child, D.G., a minor.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Deandra Shontrell Gatewood is a citizen and resident of the State of Texas, residing at 538 Schmeltzer Lane, San Antonio, Texas 78213.

3. Plaintiff Amber Te White is a citizen and resident of the State of Texas, residing at 538 Schmeltzer Lane, San Antonio, Texas 78213. She is Plaintiff Deandra Shontrell Gatewood's wife.

4. Plaintiff D.G. is a is a citizen and resident of the State of Texas, residing at 538 Schmeltzer Lane, San Antonio, Texas 78213. He is Plaintiff Deandra Shontrell Gatewood's infant son.

5. Upon information and belief, Defendant Jason E. Thompson, deceased, was a citizen and resident of the State of New Mexico, residing at 1013 E. Katy Lane, Hobbs, NM 88240.

6. Upon information and belief, Defendant Thompson Oilfield Hauling Services, LLC, is a New Mexico limited liability company with a principle place of business at 1013 E. Katy Lane, Hobbs, New Mexico 88240.

7. Upon information and belief, Defendant Tommy W. Kays, individually and d/b/a TNT Pilot Car Servic, is a citizen and resident of the State of New Mexico, residing at 420 Alegre, Hobbs, New Mexico 88242.

8. Defendants Jane Does I-X, John Does I-X, ABC Corporations I-X, XYZ Partnerships, and ABC Limited Liability Corporations I-X are corporations, business entities, persons, agents, servants or employees whose true names are not now known to Plaintiffs. To the

extent of discovery to be conducted, Plaintiffs allege that Jane Does I-X, John Does I-X, ABC Corporations I-X, XYZ Partnerships I-X, and ABC Limited Liability Corporations I-X are residents of the State of New Mexico and/or non-residents, and that they caused events to occur in the State of New Mexico out of which Plaintiffs' cause of action arises. Plaintiffs request leave of Court to amend the Complaint once the true identities of these defendants become known to the Plaintiffs.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (2006), 28 U.S.C. §1332(a)(1) (2011).

10. This Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1) (2011). Plaintiffs and Defendants are citizens of different States. Plaintiffs are domiciled and reside in Texas. Upon information and belief, Defendants Jason E. Thompson, and Tommy W. Kays, individually and d/b/a TNT Pilot Car Service, are citizens of New Mexico. Thompson Oilfield Hauling Services, LLC is incorporated in New Mexico and has its principal place of business in New Mexico. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs given Plaintiffs' extensive damages.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) (2011). Defendants' negligence and the trucking crash at issue occurred in New Mexico.

12. The Court's exercise of personal jurisdiction over Defendants comports with due process.

**FACTUAL ALLEGATIONS**

13. On October 9, 2018, while in the course and scope of his work for Thompson Oilfield Hauling Services, LLC, Defendant Jason E. Thompson negligently operated a flat-bed

tractor-trailer carrying an oversized load, by, among other things, failing to control his vehicle on the roadway, crossing into oncoming traffic and failing to avoid oncoming traffic in the opposite lane of travel.

14. At or about the same time, Defendant Tommy Kays, individually and d/b/a TNT Pilot Car Service, in the course and scope of his employment as a pilot vehicle operator, negligently performed his duties to warn the public of hazards posed by the oversized load and failed to effectively perform his obligations as a pilot vehicle operator which is to ensure that an oversized load like the one Thompson was transporting safely gets to its destination without causing injuries to motorists on the roadways.

15. Defendant Thompson negligently operated his tractor-trailer carrying an oversized load when he failed to keep a proper lookout, failed to control his speed and ultimately entered the lanes of oncoming traffic and crashed head-on into a truck operated by Plaintiff Deandra Shontrell Gatewood, who was badly injured.

16. Plaintiff Deandra Shontrell Gatewood was operating his commercial motor vehicle in his own lane of travel at the time of the crash.

17. Plaintiff Deandra Shontrell Gatewood suffered devastating injuries as a result of the crash, which has left him disabled and unable to work.

18. Plaintiff Amber Te White, who was approximately eight months pregnant at the time of the crash, suffered loss of support, loss of household services and loss of consortium as a result of Plaintiff Deandra Shontrell Gatewood's injuries, as he was no longer able to support her or their young family after the accident.

19. Plaintiff D.G. was born after the accident, is an infant at the time of this filing, and has lost the support and care of his father, as a result of Plaintiff Deandra Shontrell Gatewood's debilitating injuries.

## CAUSES OF ACTION

### COUNT 1
### (NEGLIGENCE – DEFENDANT THOMPSON AND DEFENDANT THOMPSON OILFIELD HAULING SERVICES, LLC)

20. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

21. Defendant Thompson had a duty to operate his tractor and trailer hauling an oversized load in a safe manner to avoid injuries and damages to others lawfully upon the roadway.

22. As a driver of a commercial vehicle hauling an oversized load upon the public roadway, Defendant Thompson had duties to comply with the Federal Motor Vehicle Safety Standards and Regulations, and the laws of the State of New Mexico in the operation of his tractor and trailer, especially in light of his hauling an oversized load.

23. Defendant Thompson, acting as an agent of Thompson Oilfield Hauling Services, LLC, breached these aforementioned duties.

24. On the occasion in question, Defendant Thompson committed acts of omission and commission, which collectively and severally constitute negligence. Defendant Thompson's negligence consisted of, but is not limited to, the following acts and/or omissions:

   a. In that Defendant Thompson failed to act as a reasonably careful person would have acted under the circumstances;

    b. In that Defendant Thompson failed to control his vehicle, which was entrusted to him in his employment by Defendant Thompson Oilfield Hauling Services, LLC; and

    c. In that Defendant Thompson failed to keep his tractor and trailer within an appropriate lane of travel, as he crossed into and impacted a vehicle in oncoming traffic; and

    d. In that Defendant Thompson failed to keep a proper lookout; and

    e. In that Defendant Thompson failed to control his vehicle's speed; and

    f. In that Defendant Thompson failed to provide adequate warning devices to alert motorists as to the hazards created by his oversized load.

25. As a direct and proximate result of Defendant Thompson's negligence, individually and jointly, Plaintiff Deandra Shontrell Gatewood suffered severe bodily harm and he and his family, Plaintiffs White and D.G. suffered considerable damages. Plaintiffs are accordingly entitled to compensatory damages against Defendant Thompson.

## COUNT 2
### (NEGLIGENCE PER SE – DEFENDANT THOMPSON AND DEFENDANT THOMPSON OILFIELD HAULING SERVICES, LLC)

26. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

27. Defendant Thompson had duties as a driver upon the public roadway to comply with the laws of the United States, Federal Motor Vehicle Safety Standards and Regulations, and the laws of the State of New Mexico in the operation of his vehicle.

28. Defendant Thompson breached these aforementioned duties.

29. On the occasion in question, Defendant Thompson, acting as an agent of Thompson Oilfield Hauling Services, LLC, committed acts of omission and commission, which collectively and severally constitute negligence. Defendant Thompson's negligence consisted of, but is not limited to, the following acts and/or omissions:

   a. in that Defendant Thompson failed to act as a reasonably careful person would have acted under the circumstances;

   b. in that Defendant Thompson failed to keep a proper lookout and be attentive, as a reasonably careful person would have done under the circumstances;

   c. in that Defendant Thompson failed to slow down and maintain a safe speed for the conditions existing at the time of the crash, as a reasonably careful person would have done under the circumstances; and

   d. in that Defendant Thompson failed to maintain proper control of his vehicle, and caused his vehicle to travel into opposing traffic, leading to the devastating injury to Plaintiff Deandra Shontrell Gatewood.

30. Defendant Thompson failed to regulate the speed of his vehicle as necessary under the circumstances and conditions existing at the time of the crash to avoid colliding with a person, vehicle, or other conveyance on or entering the highway. This constitutes negligence *per se* pursuant to New Mexico Traffic Law § 66-7-301. Plaintiffs are members of the class designed to be protected under New Mexico Traffic Law § 66-7-301. Said statute imposes a duty, which Defendant Thompson breached, and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Thompson's

failure to comply with the provisions of New Mexico Traffic Law § 66-7-301 constitutes that Defendant Thompson is guilty of negligence *per se*.

31.     Defendant Thompson failed to drive his vehicle upon the right half of the roadway, entirely to the right of the center thereof as practicable, at the time of the crash. This constitutes negligence *per se* pursuant to New Mexico Traffic Law § 66-7-308. Plaintiffs are members of the class designed to be protected under New Mexico Traffic Law § 66-7-308. Said statute imposes a duty, which Defendant Thompson breached, and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Thompson's failure to comply with the provisions of New Mexico Traffic Law § 66-7-308 constitutes that Defendant Thompson is guilty of negligence *per se*.

32.     Defendant Thompson failed at the time of the crash to drive his vehicle as nearly as practicable entirely within a single lane, and not move from such lane until first ascertaining that such movement could be made with safety. This constitutes negligence *per se* pursuant to New Mexico Traffic Law § 66-7-317. Plaintiffs are members of the class designed to be protected under New Mexico Traffic Law § 66-7-317. Said statute imposes a duty, which Defendant Thompson breached, and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Thompson's failure to comply with the provisions of New Mexico Traffic Law § 66-7-317 constitutes that Defendant Thompson is guilty of negligence *per se*.

33.     Defendant Thompson failed at the time of the crash to not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. This constitutes negligence *per se* pursuant to

New Mexico Traffic Law § 66-7-318. Plaintiffs are members of the class designed to be protected under New Mexico Traffic Law § 66-7-318. Said statute imposes a duty, which Defendant Thompson breached, and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Thompson's failure to comply with the provisions of New Mexico Traffic Law § 66-7-318 constitutes that Defendant Thompson is guilty of negligence *per se*.

34.     Defendant Thompson failed at the time of the crash to drive only upon the right-hand roadway of a highway divided into two roadways by an intervening space, or clearly indicated dividing section so constructed as to impede vehicular traffic, and failed to abstain from driving over, across, or within any such dividing space. This constitutes negligence *per se* pursuant to New Mexico Traffic Law § 66-7-319. Plaintiffs are members of the class designed to be protected under New Mexico Traffic Law § 66-7-319. Said statute imposes a duty, which Defendant Thompson breached, and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Thompson's failure to comply with the provisions of New Mexico Traffic Law § 66-7-319 constitutes that Defendant Thompson is guilty of negligence *per se*.

35.     Defendant Thompson and/or Thompson Oilfield Hauling Services, LLC, received a special permit for the oversized load Defendant Thompson was driving at the time of the accident and as such, Defendant Thompson was restricted insofar as practical, to a single traffic lane, giving other traffic the right-of-way whenever possible, under Section 18.19.8.23 NMAC. Defendant Thompson failed to maintain a single lane of traffic, and did not give other traffic the right-of-way. This constitutes negligence per se pursuant to Section 18.19.8.23 NMAC. Plaintiffs are members of the

class designed to be protected by Section 18.19.8.23 NMAC. Said regulation imposes a duty, which Defendant Thompson breached and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Thompson's failure to comply with Section 18.19.8.23 NMAC renders him negligent *per se*.Defendant Thompson and/or Thompson Oilfield Hauling Services, LLC, received a special permit for the oversized load he was driving at the time of the accident and as such, assumed all responsibility for injury to persons or damage to public or private property caused directly or indirectly by the movement of the vehicle, combination or load under Section 18.19.8.17 NMAC. Defendant Thompson and/or Thompson Oilfield Hauling Services, LLC, caused damage to persons directly or indirectly by the movement of the vehicle, combination or load.  Therefore, these defendants assumed liability for Plaintiffs' damages as a matter of law.

## COUNT 3
## (NEGLIGENCE – DEFENDANT THOMPSON OILFIELD HAULING SERVICES, LLC)

36. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

37. At the time of the subject crash and at the time he committed negligence, Defendant Thompson was the agent and/or employee of Defendant Thompson Oilfield Hauling Services, LLC.

38. At the time of Defendant Thompson's negligent acts and/or omissions, he was acting within the course and scope of his employment as an agent and/or employee of Defendant Thompson Oilfield Hauling Services, LLC.

39. Therefore, Defendant Thompson Oilfield Hauling Services, LLC, is liable for Plaintiffs' damages under the doctrine of *respondeat superior* because the negligence of its agent and/or employee was a proximate cause of the subject crash and damages described herein.

40. Moreover, Defendant Thompson Oilfield Hauling Services, LLC, is responsible for the actions of its agents, such as Defendant Thompson, under the common law principles of agency. Defendant Thompson's negligence was a proximate cause of the crash which formed the basis of this suit, and the subsequent damage and injury suffered by Plaintiffs.

41. On or about the date of the subject crash, Defendant Thompson was operating a tractor-trailer owned by Defendant Thompson Oilfield Hauling Services, LLC, with the knowledge, permission, and consent of Defendant Thompson Oilfield Hauling Services, LLC.

42. Defendant Thompson Oilfield Hauling Services, LLC, entrusted the tractor-trailer to Defendant Thompson, a negligent driver who did not appreciate the risks inherent with operating his oversized load, did not control his vehicle and entered oncoming traffic.

43. Defendant Thompson Oilfield Hauling Services, LLC knew or (through the exercise of the duty to use reasonable care) should have known that Defendant Thompson, was a negligent/incompetent driver.

44. Nevertheless, Defendant Thompson Oilfield Hauling Services, LLC, negligently and carelessly entrusted the tractor-trailer to Defendant Thompson, although Defendant Thompson Oilfield Hauling Services, LLC, knew or (in the exercise of reasonable care) ought to have known Defendant Thompson presented an unreasonable risk of harm.

45. Defendant Thompson's negligence was a proximate cause of the crash which forms the basis of this suit, and the injuries and damages suffered by Plaintiffs.

46.     Upon information and belief, Defendant Thompson Oilfield Hauling Services, LLC, was negligent in hiring, training, supervising, and/or retaining Defendant Thompson when a reasonable company would have determined that he was an unfit employee.

47.     Defendant Thompson Oilfield Hauling Services, LLC, had an obligation upon hiring Defendant Thompson to properly train and/or supervise him and failed to do so.  Defendant Thompson Oilfield Hauling Services, LLC, failed to sufficiently train and/or supervise Defendant Thompson regarding the risks involved with hauling oversized loads and operating commercial motor vehicles. Defendant Thompson Oilfield Hauling Services, LLC, failed to train and/or supervise Defendant Thompson regarding the risks of not controlling a large commercial vehicle hauling an oversized load.  Defendant Thompson Oilfield Hauling Services, LLC, failed to train and/or supervise Defendant Thompson regarding the need to properly warn motorists of the oversized load.

48.     Upon information and belief, Defendant Thompson Oilfield Hauling Services, LLC, failed in its duty to use reasonable care including, but not limited to, the actions and omissions outlined above.

## COUNT 4
## (PUNITIVE DAMAGES – DEFENDANTS THOMPSON AND THOMPSON OILFIELD HAULING SERVICES, LLC)

49.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

50.     Defendant Thompson's acts and omissions were willful, reckless, and wanton, which damaged Plaintiffs.

51. Defendant Thompson's conduct was willful, reckless, and wanton for reasons including:

   a. His crossing onto oncoming traffic while carrying an oversized load and driving too fast for conditions;

   b. His defiance of his training and state and federal laws regarding his driving safety obligations while he carried an oversized load, which he knew or should have known created a heightened risk to the motoring public.

52. Additionally, Defendant Thompson was acting within the scope of his employment with Defendant Thompson Oilfield Hauling Services, LLC and had sufficient discretionary authority to act for Defendant Thompson Oilfield Hauling Services, LLC regarding the conduct at issue, independent of higher authority. Moreover, Defendant Thompson Oilfield Hauling Services, LLC's conduct, taken as a whole, was willful, reckless and wanton.

53. Therefore, Defendants Thompson and Thompson Oilfield Hauling Services, LLC, should both be held liable for punitive damages.

## COUNT 5
## (NEGLIGENCE - DEFENDANT KAYS d/b/a TNT PILOT CAR SERVICES)

54. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

55. Defendant Kays, individually and d/b/a TNT Pilot Car Services ("Defendant Kays") had a duty to operate his pilot vehicle in a safe manner to avoid injuries and damages to others lawfully upon the roadway.

56. Defendant Kays had a duty to reasonably perform his obligations as a certified pilot vehicle operator with regard to the oversized load vehicle operated by Defendant Thompson.

57. As a certified pilot vehicle operator, Defendant Kays had an obligation to comply with New Mexico law regarding the operation of a pilot vehicle.

58. Defendant Kays breached these aforementioned duties.

59. On the occasion in question, Defendant Kays committed acts of omission and commission, which collectively and severally constitute negligence. Defendant Kay's negligence consisted of, but is not limited to, the following acts and/or omissions:

    a. In that Defendant Kays failed to act as a reasonably careful pilot vehicle operator would have acted under the circumstances;

    b. In that Defendant Kays failed to adequately warn traffic ahead of the oversized load;

    c. In that Defendant Kays failed to timely observe and warn Defendant Thompson of conditions ahead of them;

    d. In that Defendant Kays failed to adequately perform the principal obligation for which a pilot driver is hired which was to safely get Thompson's oversized load to its destination safely without causing harm to Plaintiffs;

60. As a direct and proximate result of Defendant Kays' negligence, Plaintiff Deandra Shontrell Gatewood suffered severe bodily harm and he and his family, Plaintiffs White and D.G., suffered considerable damages.

61. Plaintiffs are accordingly entitled to compensatory damages against Defendant Kays.

## COUNT 6
## (NEGLIGENCE PER SE -DEFENDANT KAYS, individually and d/b/a
## TNT PILOT CAR SERVICES)

62. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

63. Defendant Kays had a duty to enhance the safety of moving an oversized vehicle or load over the highways, including to alert the motoring public of the presence or approach of an oversized vehicle or load under Section 18.19.8.80(A) NMAC. Defendant Kays failed to enhance the safety of Defendant Thompson's movement of his oversized load on the highway. This constitutes negligence *per se* pursuant to Section 18.19.8.80(A) NMAC. Plaintiffs are members of the class designed to be protected by Section 18.19.8.80(A) NMAC. Said regulation imposes a duty, which Defendant Kays breached and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Kays' failure to comply with Section 18.19.8.80(A) NMAC renders him negligent *per se*.

64. Defendant Kays also had a duty under Section 18.19.8.92(A) NMAC to control the movement of the escorted oversize vehicle in a manner that maximizes the safety of the motoring public and provide for a safe flow of traffic in the immediate area of the move. To the extent that Defendant Kays failed to do so, this would constitute negligence *per se* pursuant to Section 18.19.8.92(A) NMAC. Plaintiffs are members of the class designed to be protected by Section 18.19.8.92(A) NMAC. Said regulation imposes a duty, which Defendant Kays breached and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Kays' failure to comply with Section 18.19.8.92(A) NMAC renders him negligent *per se*.

65. Defendant Kays also had a duty under Section 18.19.8.92(B) NMAC to act as a team with the oversize vehicle driver to ensure that safety of the motoring public is sustained. To the extent that Defendant Kays failed to do so, this would constitute negligence *per se* pursuant to Section 18.19.8.92(B) NMAC. Plaintiffs are members of the class designed to be protected by Section 18.19.8.92(B) NMAC. Said regulation imposes a duty, which Defendant Kays breached and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Kays' failure to comply with Section 18.19.8.92(B) NMAC renders him negligent *per se*.

66. Defendant Kays also had a duty under Section 18.19.8.92(E) NMAC, as a front escort vehicle driver, to warn oncoming traffic of the presence of the oversize vehicle or load, to maintain communication with the driver of the oversize load by using two-way radio to warn of hazards, obstructions, or other potential problems that may affect the safe movement of the oversize load or the public, among other things. To the extent that Defendant Kays failed to do so, this would constitute negligence *per se* pursuant to Section 18.19.8.92(E) NMAC. Plaintiffs are members of the class designed to be protected by Section 18.19.8.92(E) NMAC. Said regulation imposes a duty, which Defendant Kays breached and said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described herein. Accordingly, and as a matter of law, Defendant Kays' failure to comply with Section 18.19.8.92(E) NMAC renders him negligent *per se*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For general damages against Defendants to compensate Plaintiff Deandra Shontrell Gatewood for the injuries, pain, anguish, sorrow, mental and/or emotional suffering, limitation, stress, loss of income, loss of earning capacity, loss of household services, loss of enjoyment of life, past medical care expenses, future medical care expenses and other appropriate compensatory damages, he has suffered and will experience in the future for all losses and damages pursuant to New Mexico law;

B. For Plaintiffs' White and D.G.'s past and future loss of consortium, loss of society, affection, companionship, guidance and love;

C. For punitive damages against Defendant Thompson and Thompson Oilfield Hauling Services, LLC;

D. Award for pre- and post-judgment interest, attorney's fees, costs, and such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of June, 2019.

                    BUCHANAN LAW FIRM, LLC

                    */s/ Deena L. Buchanan*
                    12231 Academy Road NE, #300-199
                    Albuquerque, NM 87111
                    505-900-3559 (phone)
                    505-933-7551 (fax)

                    deena@dbuchananlaw.com