IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEANDRA SHONTRELL GATEWOOD
and AMBER TE WHITE,
*individually and as parent and
next friend of D.G., a minor*,

    Plaintiffs,

v.                                                                                   Civ. No. 19-573 GBW/CG

ESTATE OF JASON E. THOMPSON,
*individually and as agent of
Thompson Oilfield Hauling Services,
et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANT KAYS

THIS MATTER comes before the Court on Defendant Tommy W. Kays Individually and d/b/a TNT Pilot Car Service's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims Against Him. *Doc. 10.* Having considered the motion and briefing (*docs. 16*, *18*), the Court will GRANT the motion for the reasons stated below.

**I.**     **BACKGROUND**

On October 9, 2018, a tractor-trailer carrying an oversize load crossed into the lane of oncoming traffic and crashed head-on into a commercial truck operated by Plaintiff Deandra Shontell Gatewood. *See doc. 1* at 3–4. Plaintiff Gatewood sustained serious injuries, and Defendant Jason E. Thompson, the driver of the oversize load, was

killed. At the time of the accident, Defendant Tommy W. Kays, the party now seeking dismissal, was operating a pilot vehicle driving in front of the tractor-trailer. *See id*. at 4. The purpose of a pilot vehicle is to warn the public of the hazards posed by the oversize load. *See id*.

Plaintiffs do not allege that Defendant Kays' pilot vehicle exited the correct lane or was otherwise directly involved in the crash. However, in Counts 5 and 6 of their Complaint they allege various negligent acts and omissions on his part including the failure to adequately warn traffic of the oversize load, the failure to warn Defendant Thompson of conditions ahead, and the failure to ensure that the oversize load safely reached its destination. *See id*. at 13–16.

On August 16, 2019, Defendant Kays filed the instant motion to dismiss the Plaintiffs' claims against him based on failure to state a claim. *Doc. 10*. He argues that Plaintiffs' factual allegations are conclusory and insufficient to satisfy the federal pleading standard. *See id*. at 4–7. In the alternative, he disputes that he had a duty to control the operation of Defendant Thompson's vehicle based on the New Mexico Administrative Code or other law, and therefore asks that the Court dismiss paragraphs 59(D), 64, and 65 of the Complaint with prejudice. *See id*. at 7–10.

Plaintiffs filed a response on August 30, 2019, contending that their factual allegations were adequately pleaded and that Defendant Kays had a duty of care

toward Plaintiffs. *See generally doc. 16*. Defendant Kays replied on September 13, 2019 (*doc. 18*), and the motion to dismiss is now before the Court.

## II. STANDARD OF REVIEW

In a diversity action, the federal court applies federal procedural law and the substantive law of the state in which it sits. *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 877 (10th Cir. 2006) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). The pleading requirements in this case therefore derive from federal law, while the negligence standard is drawn from New Mexico state law.

### A. **Rule 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178

(10th Cir. 2009)).  However, the court need not accept the truth of any legal conclusions.  *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.  Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  The complaint must only be "enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not shown entitlement to relief.  *Id*. at 679.

B. **Negligence**

A negligence claim under New Mexico law requires the plaintiff to establish (1) the existence of a duty from defendant to plaintiff; (2) a breach of that duty; (3) that the breach was both a proximate cause and cause in fact of the plaintiff's harm; and (4) damages.  *See Herrera v. Quality Pontiac*, 73 P.3d 181, 185–86 (N.M. 2003).

The plaintiffs in this case have alleged negligence and negligence per se as two separate and distinct counts of their complaint.  *See doc. 1* at 13, 15.  Under New Mexico

4

law, however, as in many states, negligence per se is not technically a separate cause of action. Rather, it is "a method of proving negligence where a cause of action already exists." *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 750 P.2d 118, 124 (N.M. 1988). *See also Heath v. La Mariana Apts.*, 180 P.3d 664, 668 n.1 (N.M. 2008) (where applicable, negligence per se is instructed "in lieu of the common law standard" of reasonable care). The doctrine of negligence per se allows the plaintiff to establish a breach of duty without satisfying the usual "reasonable care" standard, by showing instead that the defendant was in violation of a statute or other law and that this violation caused the plaintiff's harm. *See id*. New Mexico courts apply a four-part test to determine whether a negligence per se instruction is appropriate:

> (1) [T]here must be a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute, (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the legislature through the statute sought to prevent.

*Heath*, 180 P.3d at 666 (alteration in original) (quoting *Archibeque v. Homrich*, 543 P.2d 820, 825 (N.M. 1975)). Only statutes or regulations that "define[] the duty with specificity" will support an instruction of negligence per se. *Id*. (citation omitted).

### III. ANALYSIS

Consistent with the structure of Plaintiffs' Complaint, the Court will evaluate Plaintiffs' claim against Defendant Kays both under an ordinary negligence standard

and according to a theory of negligence per se. For the reasons that follow, the Court finds that Plaintiffs have failed to state a claim under either standard.

### A. **Count 5 Fails to State a Claim Based on an Ordinary Negligence Theory.**

In Count 5 of the Complaint, Plaintiffs assert a claim against Defendant Kays based on an ordinary negligence theory. This cause of action connotes a breach of the care that a reasonably prudent person would have demonstrated under the circumstances. *See Calkins v. Cox Estates*, 792 P.2d 36, 40 (N.M. 1990) ("New Mexico law recognizes that there exists a duty assigned to all individuals requiring them to act reasonably under the circumstances according to the standard of conduct imposed upon them by the circumstances.").

Of the four elements that Plaintiffs must establish, it is not in dispute that they have adequately pleaded the fourth (actual harm to Plaintiffs). Moreover, Defendant Kays does not dispute that he had at least a duty of reasonable care toward Plaintiffs,[1] *see doc. 10* at 4; *doc. 18* at 6, though the parties disagree as to its exact contours. However, Defendant Kays argues that Plaintiffs have entirely failed to satisfy the pleading standard articulated in *Twombly* and *Iqbal* with respect to breach and causation. *See doc. 10* at 5; *doc. 18* at 4 ("Plaintiffs have failed to plead any details … to

---

[1] In their response, Plaintiffs characterize Defendant Kays' motion as claiming that he "had no duty to Plaintiffs…at the time of the accident." *Doc. 16* at 7. This interpretation does not correspond with the Court's reading of the motion, and Defendant Kays subsequently stated that he "does not dispute that he has a duty of care to all drivers on the road for his own actions," *doc. 18* at 6.

allege *what* Kays did or *how* he acted that caused Thompson to cross into oncoming traffic and injure Plaintiff or otherwise contributed to the accident").

Count 5 of the Complaint alleges that Defendant Kays breached his duty of care as follows:

   a. In that Defendant Kays failed to act as a reasonably careful pilot vehicle operator would have acted under the circumstances;
   b. In that Defendant Kays failed to adequately warn traffic ahead of the oversized load;
   c. In that Defendant Kays failed to timely observe and warn Defendant Thompson of conditions ahead of them;
   d. In that Defendant Kays failed to adequately perform the principal obligation for which a pilot driver is hired which was to safely get Thompson's oversized load to its destination safely without causing harm to Plaintiffs[.]

*Doc. 1* at 14. The Court here notes that allegation (a), standing alone, is clearly inadequate. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). The allegation that Defendant Kays "failed to act as a reasonably careful pilot vehicle operator" under the circumstances is virtually a word-for-word restatement of the breach element of an ordinary negligence claim. *See Herrera*, 73 P.3d at 185–86 ("a negligence claim requires … breach of [] duty, which is typically based upon a standard of reasonable care"). Likewise, allegation (d) (that Defendant Kays failed to "safely get Thompson's

7

oversized load to its destination") lacks in specific facts to support a breach of duty and would only support liability under a strict liability regime.

Ultimately, however, the Court need not decide whether these allegations sufficiently plead the breach element of a negligence claim, because Plaintiffs' Count 5 suffers from a more obvious problem: the absence of any non-conclusory allegations to support causation. In reviewing a 12(b)(6) motion, the court "must determine whether the complaint sufficiently alleges facts supporting *all* the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (emphasis added) (citation omitted). An essential element of a negligence claim under New Mexico law is that the breach was "a proximate cause and cause in fact of the plaintiff's damages." *Herrera*, 73 P.3d at 186. Plaintiffs offer only the single statement: "As a direct and proximate result of Defendant Kays' negligence, Plaintiff Deandra Shontrell Gatewood suffered severe bodily harm and he and his family, Plaintiffs White and D.G., suffered considerable damages." *Doc. 1* at 14. This bare-bones restatement of the causation element of a negligence claim is insufficient to meet the federal pleading standard.

Nor is there a fair inference to be made, based on the Complaint as a whole, about the relationship between Defendant Kays' alleged breaches and Plaintiffs' damages. Even accepting Plaintiffs' assertions of breach as factual allegations, rather than legal conclusions, it is difficult to imagine how Defendant Kays could have warned

8

Mr. Gatewood that the oversize load driven by Defendant Thompson was about to unexpectedly enter the lane of oncoming traffic. As Defendants observe, "Plaintiffs do not allege that Plaintiff Deandra Gatewood did not observe Kays' pilot car or the oversize load behind Kays." *Doc. 10* at 5. Similarly, there is no indication in the Complaint that Defendant Thompson's actions were caused by "conditions ahead," or that a warning from Defendant Kays could in any way have averted this tragedy. Taken as a whole, and viewed even in the most generous light, Plaintiffs' conclusory allegation that Defendant Kays' acts or omissions caused Plaintiffs' damages has not "nudged their claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570.

**B. Count 6 Fails to State a Claim Based on Negligence Per Se.**

In Count 6, Plaintiffs allege the following breaches of duty by Defendant Kays:

a. failure to "enhance the safety of Defendant Thompson's movement of his oversized load on the highway" in violation of NMAC § 18.19.8.80(A);
b. failure to "control the movement of the escorted oversize vehicle in a manner that maximizes the safety of the motoring public" in violation of NMAC § 18.19.8.92(A);
c. failure to "act as a team with the oversize vehicle driver to ensure that safety of the motoring public is sustained" in violation of NMAC § 18.19.8.92(B);
d. failure to "warn oncoming traffic of the presence of the oversize vehicle or load, to maintain communication with the driver of the oversize load by using two-way radio to warn of hazards, obstructions, or other potential problems that may affect the safe movement of the oversize load or the public" in violation of NMAC § 18.19.8.92(E)(1)–(2).

*See doc. 1* at 15–16.

As a preliminary matter, the Court notes that some of the cited provisions of NMAC §§ 18.19.8.80 and 18.19.8.92[2] appear insufficiently specific to support a negligence per se instruction under New Mexico law. Not every statute or regulation can be used as the basis of a negligence per se theory under the applicable four-factor test. *See Heath*, 180 P.3d at 666. Instead, "a negligence-per-se instruction is appropriate only if the statute or regulation defines the duty with specificity." *Id*. (citation omitted). Under an appropriate statute or regulation, there is no need for the fact-finder to determine whether the defendant's actions were reasonable because "the only fact for the determination of the factfinder is the commission or omission of the specific act inhibited or required." *Id*. (quoting *Watkins v. Hartstock*, 783 P.2d 1293, 1297 (Kan. 1989)). "However, 'where duties are undefined, or defined only in abstract or general terms,' leaving it to the jury to evaluate the factual circumstances of the particular case to determine whether the defendant acted reasonably, then a negligence per se instruction is not warranted." *Id*. (quoting *Swoboda v. Brown*, 196 N.E. 274, 278 (Ohio 1935)).

Most of the regulations cited by Plaintiffs do not appear to define the duties of a pilot vehicle driver with the requisite specificity. NMAC § 18.19.8.80, titled "Escorts –

---

[2] In their response to Defendant Kays' Motion to Dismiss, Plaintiffs also briefly cite NMAC § 18.19.8.91 ("Duties of the Escort Driver Before Movement Begins"). *See doc. 16* at 2. This regulation is not referenced in Count 6 the Complaint. *See doc. 1* at 15–16. In any event, having examined NMAC § 18.19.8.91, the Court finds that the same considerations apply.

10

Purpose and Requirement," does not even nominally define the duties of an escort vehicle driver. It defines only the "purpose" of an escort driver, and that in abstract and general terms. A fact-finder attempting to determine whether a pilot vehicle driver had complied with § 18.19.8.80(A) would be obliged to "evaluate the factual circumstances of the particular case to determine whether the defendant acted reasonably," *Heath*, 180 P.3d at 666 (quoting *Swoboda*, 196 N.E. at 278). Likewise, NMAC § 18.19.8.92(A)–(B) define the duties of an escort driver in such general terms ("controlling the movement of the escorted oversize vehicle in a manner that maximizes … safety" and "act[ing] as a team to ensure … safety") that they would almost certainly require a "specific interpretation by the jury." *Heath*, 180 P.3d at 662 (quoting *Short v. Spring Creek Ranch, Inc.*, 731 P.2d 1195, 1198 (Wyo. 1987)).

However, the Court need not and does not here decide whether the cited regulations are sufficiently specific, because Plaintiffs once again fail to state a claim with respect to the causation element. Even where the doctrine of negligence per se is properly applied, the plaintiff still must show that "the negligence per se was the actual and proximate cause of the accident." *Archibeque v. Homrich*, 543 P.2d 820, 825 (N.M. 1975) (citations omitted). Consequently, Count 6 fails for the same reason as Count 5. The only allegation that Defendant Kays' acts or omissions caused the harm to Plaintiffs is the boilerplate language, repeated in every paragraph of Count 6, that "said unexcused breach was a proximate cause of Plaintiffs' injuries and damages described

herein." *See doc. 1* at 15–16. As in Count 5, no specific facts are given to support this claim, nor can causation be fairly inferred from the other specific facts alleged. Therefore, the Court finds that Plaintiffs have failed to state a claim based on a theory of negligence per se.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant Kays' Motion to Dismiss (*doc. 10*) is hereby GRANTED. Although "a dismissal under Rule 12(b)(6) for failure to state a claim is generally *with* prejudice," *Higgins v. City of Tulsa*, 103 F. App'x 648, 651 (10th Cir. 2004) (unpublished) (emphasis in original), Plaintiffs have noted the possibility of amendment of pleadings in order to provide more support for their claims. *See doc. 16* at 3. Therefore, all claims against Defendant Kays are hereby DISMISSED WITHOUT PREJUDICE.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**